# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 4:10CV1627-CDP |
| SEVENTEEN THOUSAND DOLLARS ($17,000.00) U.S. CURRENCY, | ) ) ) ) | |
| Defendant, | ) ) | |
| vs. | ) ) | |
| STEVEN MARZAHL, | ) ) | |
| Claimant. | ) ) | |

## MEMORANDUM AND ORDER

Now before the Court is claimant Steven Marzahl's motion to dismiss, in which he seeks dismissal of the instant forfeiture action for failure to state a claim upon which relief can be granted. Plaintiff United States of America opposes Claimant's motion, arguing that the Verified Complaint in this case sufficiently states facts required to maintain the forfeiture action. Claimant has not filed a reply brief, and the time to do so has expired.

The civil forfeiture statute, 21 U.S.C. § 881(a)(6), authorizes the forfeiture to the United States "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") "governs a forfeiture action in rem arising from a federal statute." Supplemental Rule G(1); see also United States v. Seventy-Nine Thousand Three Hundred Twenty-One Dollars, 522 F. Supp. 2d 64, 70 n.4 (D.D.C. 2007) ("In civil forfeiture proceedings, both the Supplemental Rules, devised for admiralty and in rem proceedings, and the Federal Rules of Civil Procedure govern." (citation omitted)). Additionally, 18 U.S.C. § 983 provides general rules for civil forfeiture proceedings.

The sufficiency of a forfeiture complaint is governed by Supplemental Rule G(2). A forfeiture complaint must be verified; state the grounds for subject-matter jurisdiction, in rem jurisdiction, and venue; describe the property with reasonable particularity; state its location when any seizure occurred and, if different, its location when the action was filed; identify the statute under which the forfeiture

action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Supplemental Rule G(2). With regard to the government's burden of proof at trial, in an action brought under any civil forfeiture statute for the civil forfeiture of any property,

> (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;
>
> (2) the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and
>
> (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

18 U.S.C. § 983(c).

Pursuant to Supplemental Rule G, a claimant who "contest[s] forfeiture may move to dismiss the action under Rule 12(b)" of the Federal Rules of Civil Procedure. Supplemental Rule G(8)(b)(i). To survive a motion to dismiss for failure to state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Aschcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949

(2009). A claim has facial plausibility when the alleged facts allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. When a complaint contains well-pleaded factual allegations, a court should assume the well-pleaded facts are true and then determine whether they plausibly entitle the plaintiff to relief. Id. at 1949-50. Only well-pleaded facts are accepted as true, while "[t]hreadbare recitals of the elements of a cause of action" and legal conclusions are not. Id. at 1949. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." Id. at 1950. When a complaint contains well-pleaded factual allegations, a court should determine whether they plausibly entitle the plaintiff to relief. Id. If the well-pleaded facts do not plausibly entitle the plaintiff to relief, the claim should be dismissed. Id.

In this case, claimant argues that the government has not stated sufficiently detailed facts to support a reasonable belief that it will be able to meet its burden of proof at trial.[1] The government alleges the following facts in the Verified Complaint:

> 6. On April 10, 2010, St. Louis Metropolitan Police Officers observed a 2006 Volvo bearing an Arizona license

---

[1] Claimant incorrectly states that the government's burden of proof is one which requires the government to prove its case beyond a reasonable doubt. Doc. #9, p. 2.

plate make several lane changes without signaling. The police officers subsequently initiated a traffic stop of the vehicle. The officers approached the vehicle and identified the driver as Steven Marzahl and Kyle Lougheed as the passenger. During their conversation, the officers noticed Marzahl and Lougheed were acting nervous and began to visibly shake. Marzahl stated he was traveling from New York to Arizona.

7. While standing next to the open driver's side window, one of the officers noticed two dogs confined to the rear passenger cargo area and further observed that there were dryer sheets and wet wipes scattered throughout the rear passenger seating area. Wet wipes and dryer sheets are commonly used to mask the detection of illegal controlled substances and/or U.S. Currency. During the course of their conversation, Marzahl and Lougheed gave inconsistent answers to the officers. Due to the inconsistencies in their responses, suspicious behavior, and an out-of-state nexus, the officers contacted nearby agents with the Drug Enforcement Administration for assistance.

8. Continuing on April 10, 2010, agents arrived at the scene. Marzahl gave verbal consent to the officers and agents to search the vehicle. Marzahl and Lougheed continued to give inconsistent answers to the investigators regarding their trip. Marzahl began to sweat profusely and shake. With this nervous demeanor, Marzahl informed the agents that he had an unknown amount of U.S. Currency, all in twenty dollar bills, inside his suitcase. Marzahl did not give a plausible explanation for the possession of the unknown amount of currency. Lougheed advised agents that he had no knowledge of U.S. Currency or narcotics inside the vehicle.

9. An agent conducted a search of the rear cargo area of the vehicle and located Marzahl's suitcase. Inside the

> suitcase, the agent discovered a clear plastic Ziploc bag containing several bundles of U.S. Currency. As the search was concluded, a nearby St. Louis Metropolitan Police Officer responded to the scene with a trained drug-detecting canine who gave a positive alert to a narcotic odor on Marzahl's suitcase that contained the U.S. Currency and on the U.S. Currency itself. Immediately after the police canine alerted on the suitcase and currency, Marzahl recanted his story and denied ownership of the U.S. Currency. Marzahl subsequently signed a disclaimer of title and interest to the currency.

Doc. #1, pp. 2-3.

The Court agrees with the government that the Verified Complaint in this case meets the standard delineated in Supplemental Rule G(2). The Verified Complaint alleges the presence of odor-concealing materials in claimant's vehicle, as well as a drug dog's alert to the defendant currency. The Verified Complaint also alleges that the defendant currency was contained in a Ziploc bag, which was in turn concealed inside a suitcase. The Verified Complaint alleges that claimant, who appeared nervous during the search, offered no explanation for his possession of the defendant currency at the time it was seized, and that he changed his story with respect to his ownership when the drug dog began to alert to the defendant currency, ultimately signing a disclaimer of ownership. These allegations support a reasonable belief that the government will ultimately be able to demonstrate a substantial connection to a drug offense by a preponderance of evidence, and the

Court will therefore deny claimant's motion to dismiss.

For the above stated reasons,

**IT IS HEREBY ORDERED** that claimant Steven Marzahl's motion to dismiss [Doc. #9] is denied.

This case will be set for a Rule 16 scheduling conference by separate order.

Dated this 8th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE